RICHARD R. KEENE, PLAINTIFF IN ERROR V. JOHN M'DON-OUGH.

This case was argued by Mr Grimes, for the defendant. No counsel appeared for the plaintiff in error.

Mr Justice THOMPSON delivered the opinion of the Court.

The writ of error in this case, brings up the record of a judgment rendered against the plaintiff in error, in the district court of the United States for the eastern district of Louisiana. The plaintiff, according to the course of proceedings in that state, presented his petition to the court, stating, that on the 22d of May 1803, in virtue of a lawful purchase at public sale, duly and legally made by Don Carlos de Grand Pre, governor of the post and establishment of Baton Rouge, he became the owner and proprietor of a tract of land, appertaining to the "testamentaria," or successor of the deceased Poussett, particularly describing the same, (being the land in question) and annexing to his petition the document or adjudication, by which he alleges that the title to the land was vested in him, of which he was never thereafter legally divested, as he alleges.

A plea to the jurisdiction of the court was interposed by the defendant, alleging that the plaintiff was a citizen of Louisiana, of which state the defendant was also a citizen. Upon the trial of the issue joined upon this plea, the jury found that the plaintiff was not a citizen of the state of Louisiana.

The defendant then filed an answer to the petition, denying all and singular the allegations contained in the petition, and

averring that the petitioner has no title whatever to the land in question. That if any such adjudication as is pretended by him ever was made, the same was afterwards annulled. And he further pleads, that he is the true and legal owner of the said tract of land, by good and valid title, and that he has had possession under the same for thirty years and upwards, &c.

The adjudication upon which the plaintiff rests, as the evidence of his title, states, that he being the last and highest bidder, the land was adjudicated to him ; and he having no security to offer, he engages to execute a mortgage in trust on the property, which was accepted by the testamentary executors, on condition that he shall immediately pay to Don Thomas Durnford, one of the executors, six hundred dollars, a portion of the purchase money, to be applied to the payment of the claim of Joyce and Turnbull, against the said estate.

According to the plaintiff's own showing, therefore, his title was not absolute, but conditional ; and the record contains subsequent proceedings by the executors of Poussett, to annul the former adjudication for non-fulfilment of the conditions upon which the sale was made. For this purpose a petition was presented to the governor Grand Pre, setting forth the sale, and the condition upon which it was made, and alleging that the plaintiff had not paid the six hundred dollars, nor given the mortgage to secure the purchase money, and praying a decree to make null and void the former sale, and that the land might be again exposed to sale. And, on the 24th of April 1804, a decree was entered, setting forth that it having been proved that Don Richard Raynal Keene had absented himself from the country, without having complied with the conditions of the sale made to him, it is decreed according to law, and the rules which govern in like cases, that the adjudication to him is annulled, and that the plantation be again exposed to public sale, which was accordingly done on the 2d of June 1804, and finally adjudged to Don Miguel Mahier, for the sum of five thousand five hundred dollars, he being the last and highest bidder at that sum ; and the adjudication alleges that possession was given to him ; and the defendant then deduces a title from Don Miguel Mahier to himself.

The plaintiff in error not having appeared to argue his cause, or suggest the errors of which he complains, the court cannot

perceive on what grounds he can rely, to reverse the judgment of the court below. The record contains no evidence whatever of his having paid any part of the purchase money. This is not even alleged in the petition ; and, indeed, a contrary inference is to be drawn from what he does allege ; for, he states, that although not bound to account for a greater sum than the price at which the land was sold to him, yet he will agree to pay not only that price, but any sum that shall be equivalent to the price for which the land sold on the second sale.

The petition alleges that the proceedings under which the second sale was made were irregular and unlawful.

Should it be admitted that it was competent for the plaintiff to impeach this adjudication, and show that the proceedings were irregular and unlawful, the record contains no offer, at the trial, to show any irregularity or illegality in those proceedings ; they must, at least, be taken as prima facie evidence of a judicial proceeding, to pass the title of land, according to the course and practice of the Spanish law in that province.

The authority of the governor to take jurisdiction in such cases, is admitted by the plaintiff's own showing ; for the title set up by him rests upon the authority of the same governor, who adjudicated the second sale under which the defendant claims ; and the first sale being conditional, and the conditions not performed, no doubt can be entertained but that the second proceeding and sale must be considered, at least as prima facie evidence of what they purport to have been; and this is sufficient to warrant the judgment or decree of the court below.

The adjudication having been made by a Spanish tribunal, after the cession of the country to the United States, does not make it void ; for we know, historically, that the actual possession of the territory was not surrendered until some time after these proceedings took place. It was the judgment, therefore, of a competent Spanish tribunal, having jurisdiction of the case, and rendered whilst the country, although ceded, was, de facto, in the possession of Spain, and subject to Spanish laws. Such judgments, so far as they affect the private rights of the parties thereto, must be deemed valid.

This view of the case supersedes the necessity of considering the question of prescription.

The judgment or decree of the court below is, accordingly, affirmed.

This cause came on to be heard on the transcript of the record from the district court of the United States for the eastern district of Louisiana, and was argued by counsel; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said district court be, and the same is hereby affirmed with costs.