EASTERN DIST.
*April,* 1835.

KEENE
*vs.*
M'DONOUGH.

KEENE *vs.* M'DONOUGH.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A judgment of the United States District Court, affirmed by the Supreme Court, which concludes in these words: "judgment must be given for the defendant, and the plaintiff's petition must be dismissed, will be considered as final, in favor of the defendant, and as *res judicata,* in another action for the same demand.

Where a final judgment of the Supreme Court of the United States is pleaded as *res judicata,* its correctness will not be inquired into by this court.

This is a petitory action in which the plaintiff seeks to recover a tract of land situated near the town of Baton Rouge, which he alleges he purchased at a public sale, in

24

1803, made by Governor Grandpré, and which is now in the possession and claimed by the defendant.

A suit was instituted by the present plaintiff against the same defendant for the land in question, in the United States' District Court for the Eastern District of Louisiana, in April, 1832, and judgment rendered thereon, concluding as follows: "The decree of the Spanish governor being in favor of the defendant's title, and made by a competent tribunal, within the limits of the state, judgment must be given for the defendant and the plaintiff's petition must be dismissed."

This case was taken by writ of error to the Supreme Court of the United States, in which the judgment of the court below was "affirmed." See 8 Peters, 308 and 311.

The defendant pleaded a peremptory exception to the petition, because all the things set up and alleged in it had been adjudged and finally determined in the suit in the Supreme Court of the United States, on a writ of error to the United States District Court for Louisiana.

This exception was sustained by the district judge; and from the judgment rendered thereon, the plaintiff appealed.

*Keene*, in *propriâ personâ*, for appellant.

1. The judgment of *dismissal* of this suit in the District Court of the United States for the Eastern District of Louisiana, was merely a judgment of non-suit, which cannot serve as the basis to support the plea of *res judicata*.

2. The judgment of the Spanish governor, Grandpré, rendered in this case in 1804, was a nullity, as the defendant was not cited or represented in the suit and never appeared in court: It cannot, therefore, be pleaded as *res judicata*, so that this case should be heard on its merits in this court.

3. A judgment which is in itself an absolute nullity, cannot be made the basis of the plea of *res judicata*.

*Grymes*, contra.

*Martin, J.*, delivered the opinion of the court.

In this case the plaintiff has appealed from a judgment of the District Court, sustaining a peremptory exception or

plea to the right of action, predicated on a final judgment rendered in the Supreme Court of the United States, on a writ of error, to the District Court of· the United States for the Eastern District of Louisiana ; as forming the *res judicata* on the allegations in the petition. See 8 *Peters,* 308.

It is not denied, that the present claim is not identically the same,· as that which was presented to the Court of the United States ; but it is urged that the judgment which was rendered in that court, is not a judgment on the merits, but simply one of *non-suit*.

The judgment of the United States District Court for the Eastern· District of Louisiana, concludes in the following words : "The decree of the Spanish Governor being in favor of the defendant's title, and made by a competent tribunal within the limits of the state, *judgment must be given for the defendant,* and the plaintiff's petition must be dismissed."

The plaintiff has urged, that the judgment of the Spanish governor, which is the apparent basis of the judgment of the United States' District Court, is a mere *nonentity*, because it was rendered without any citation, appearance or presence of the party, against whom it was pronounced, and cannot be presumed to have caused a destruction of his title.

It is not for us to inquire into the correctness of the decision of the United States District Court, which appears, however, to have been confirmed by the Supreme Court of the United States. But this court cannot refrain from considering it as a final judgment on the merits, and not a judgment of non-suit, which would authorise the institution of another suit, on the same grounds and for the same cause of action.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Judgment of the United States District Court, affirmed by the Supreme Court, which concludes in these words : "Judgment must be given for the defendant, and the plaintiff's petition must be dismissed," will be considered as final, in favor of the defendant, and as res judicata in another action for the same demand.*

*Where a final judgment of the Supreme Court of the United States, is pleaded as res judicata, its correctness will not be inquired into by this court.*